Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| KENNETH JOHN FORREY, JR.<br><br>Apelante<br><br>EX PARTE<br><br>Margaret Ann Forrey Ramos<br><br>Causante | KLAN202500183 | Apelación<br>Procedente del Tribunal de Primera Instancia, Sala de VEGA BAJA<br><br>Caso Núm.:<br>VB2025CV00080<br><br>Sobre:<br>Petición de Declaratoria de Herederos |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2025.

El 4 de marzo de 2025, Kenneth John Forrey Jr., (en adelante, el peticionario) presentó ante este Tribunal de Apelaciones un *Recurso de Apelación.* En este, nos solicita la revocación de la *Resolución* emitida el 31 de enero del año en curso, notificada el 3 de febrero. En esta, el Tribunal de Primera Instancia, Sala Superior de Vega Baja (en adelante, TPI) determinó que no procedía la declaratoria de herederos solicitada por el peticionario. Ello, pues de la documentación sometida ante su consideración surgía de que Doña Margaret Ann Forey Ramos (en adelante la causante) había otorgado un testamento abierto y este se encontraba vigente, inscrito y registrado en el Registro de Poderes y Testamentos del Tribunal Supremo de Puerto Rico.

Impugnándose una resolución final dictada por un tribunal de primera instancia en un procedimiento de jurisdicción voluntaria, el recurso adecuado para la revisión del dictamen emitido en el caso es el *certiorari*.[1] Por consiguiente, acogemos el recurso presentado como una

---

[1] Véase, Regla 32(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (C).

petición de *certiorari* en lugar de la apelación instada, aunque conservará su identificación alfanumérica. Así dictaminado, y luego de evaluar el legajo, resolvemos expedir el auto de *certiorari* y revocar la determinación recurrida.

**-I-**

El 30 de enero de 2025, el peticionario presentó ante el TPI una *Petición* sobre declaratoria de herederos. Allí, entre otras cosas indicó que la causante había fallecido el día 6 de agosto de 2024, que al momento de su fallecimiento no tenía descendencia ni ascendencia, y que solo le sobrevivía su único hermano de doble vínculo; él. Asimismo, informó que, al investigar, descubrió que su hermana había otorgado testamento abierto, según surgía de la Escritura sesenta y ocho (68) otorgada el 14 de septiembre de 2022, a la 1:00 p.m. ante la Notario Público Yaisa Yai Ortiz Felicie.

Según indicó el peticionario, en dicho testamento la causante designó como único y universal heredero de su caudal relicto a su único hijo Domingo IV Nazario Forrey, sin designación de heredero sustituto alguno. No obstante, el único hijo de la causante le premurió sin haber dejado descendencia alguna, por lo que la única persona con derecho a la herencia era él, como único pariente colateral preferente.[2] En base a esto, el peticionario solicitó que el TPI lo declarara único y universal heredero de la causante.

Con fecha del 31 de enero de 2025, el TPI dictó la resolución recurrida. Allí, al citar al Artículo 552 del Código de Enjuiciamiento Civil, concluyó que el recurso de declaratoria de herederos procedía en aquellos casos en los que la sucesión fuera intestada o en aquellos de nulidad de un

---

[2] En apoyo a sus contenciones, el peticionario sometió ante el TPI los siguientes documentos: (1) original de Certificación de Defunción de la Causante; copia certificada del Testamento Abierto otorgado por la causante; Certificación expedida por el Registro de Testamentos y Poderes del Tribunal Supremo de Puerto Rico sobre la causante; Certificación Negativa expedida por ODIN; original del certificado de defunción del único hijo de la causante; certificados de nacimiento del peticionario y la causante.

testamento. Señaló el TPI que, de la petición sometida en el caso y los anejos en ella incluidos, surgía que la causante había otorgado testamento abierto, que el mismo se encontraba vigente, inscrito y debidamente registrado, y que el peticionario no sometió documento que acreditara que este había sido declarado nulo. Por ello, concluyó que no procedía la declaratoria de herederos solicitada.

Inconforme con lo resuelto, el peticionario sometió *Moción de Reconsideración.* En esta argumentó que la sucesión intestada tenía lugar cuando el causante fallecía sin hacer testamento o cuando este era ineficaz o insuficiente. De igual manera, planteó que el testamento otorgado por la causante no es nulo ni existían circunstancias para anularlo. Sin embargo, señaló que el mismo era totalmente ineficaz "por adolecer de una pobre construcción en cuanto a su institución de herederos y las circunstancias acaecidas". Por tal razón, expuso que, para llenar el vacío surgido por la fallida institución de herederos en el testamento otorgado por la causante, el único remedio disponible en ley lo fue la petición de declaratoria de herederos de epígrafe. El 19 de febrero de 2025, el TPI emitió una *Orden* en la que declaró No Ha Lugar la reconsideración.

En desacuerdo aun, el peticionario instó el recurso de epígrafe y a modo de único señalamiento de error, planteó que el TPI se equivocó al desestimar su petición por entender que procedía anular el testamento para solicitar la declaratoria de herederos.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros.  La

característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular vs. SLG Gómez López, 213 DPR 314, 316 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Íd*. Esta, no opera en un vacío y tampoco puede ser en "función del antojo o voluntad de uno, sin tasa ni limitación alguna". *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208.  La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd*. (Énfasis nuestro).

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020).  Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

*B.*

La sucesión por causa de muerte es la transmisión de los derechos y de las obligaciones del causante que no se extinguen por su muerte. Esta, se abre al momento de la muerte del causante.[3] La sucesión puede ser testamentaria, intestada o mixta.[4] La sucesión testamentaria es la que resulta de la voluntad declarada en un testamento, mientras que la sucesión intestada es la que establece la ley para cuando no existen o no rigen disposiciones testamentarias **o cuando el testamento es ineficaz o insuficiente**. Por su parte, la sucesión mixta es la que resulta en parte de la voluntad declarada en un testamento y en parte, por disposición de ley.[5]

De otro lado, la institución de herederos es la designación hecha en un testamento de la persona que sucederá al testador, como heredero o

---

[3] Véase, Artículos 1546 y 1547 del Código Civil de Puerto Rico de 2020, 31 LPRA, secs. 10911 y 10912.

[4] 31 LPRA, sec. 10913.

[5] 31 LPRA, secs. 10914 a 10916 y 11431.

como legatario, en la titularidad de los bienes que integran la herencia.[6] En cuanto a estas figuras, es importante distinguir que el heredero, es la persona que sucede al causante en todos los derechos y las obligaciones transmisibles, a título universal. Mientras, el legatario, es la persona que sucede al causante en bienes específicos o en una parte alícuota, designada a título particular.[7] **Es igualmente transcendental resaltar que un testamento es válido, aun cuando no contiene la institución de herederos o esta resulte ineficaz**.[8]

De otra parte, como es de conocimiento general, el procedimiento para una declaratoria de herederos es el proceso mediante el cual los que tengan algún interés en una herencia comparecen ante la sala del Tribunal de Primera Instancia del último domicilio del finado para solicitar se dicte el correspondiente auto de declaración. Esto, puede ocurrir en casos de sucesión intestada o de nulidad de testamento.[9] Según establece nuestro Código de Enjuiciamiento Civil, la petición declarará bajo juramento:

 a. el fallecimiento de la persona de cuya sucesión se trate;
 b. que, a conocimiento y entendimiento de la persona peticionaria, el o la causante falleció sin dejar testamento, o que si hubiere dejado testamento, que éste ha sido declarado nulo; y
 c. los nombres y domicilios de las personas con derecho a la herencia o sucesión. *Íd.*

La petición y la documentación en la que se apoya se examinará lo antes posible y dictará la resolución que proceda sin necesidad de celebrar vista. A discreción, podrá requerirse prueba adicional o señalar vista de estimarse procedente. El auto se dictará sin perjuicio de tercero, a no ser que se trate de herederos forzosos. *Íd.*

Cuando la declaración de herederos se solicita a favor de un pariente colateral dentro del sexto grado y se tuviere motivos para creer que podrían existir otros parientes de igual o mejor grado, podrá ordenarse la

---

[6] 31 LPRA, sec. 11301.
[7] 31 LPRA § 10918
[8] 31 LPRA § 11302.
[9] 32 LPRA Sec. 2301.

publicación de edictos. Estos, anunciarán el fallecimiento del causante y los nombres y grados de quienes reclaman. Además, se llamará a todos los que se crean con igual grado o mejor derecho para que en un plazo determinado comparezcan a reclamar la herencia. Esto ocurrirá en aquellos casos que los bienes excedan el valor de $5,000.00. *Íd.*

**-III-**

Mediante la discusión de su único señalamiento de error, el peticionario expone que el TPI se equivocó al denegar su petición sobre declaratoria de herederos y razonar que al existir un testamento abierto que no ha sido anulado, no procedía la declaratoria peticionada. Esgrime que el Artículo 1660 del Código Civil de 2020 establece que el testamento es válido, aunque no contenga una institución de herederos o, como en el caso de autos, cuando esta resulte ineficaz. Así pues, propone que, ante la ineficacia parcial del testamento de la causante en cuanto a la institución de herederos, estamos ante una sucesión mixta. Tiene razón.

Nuestro Código Civil establece para la sucesión intestada que, en primer orden sucesorio, se encuentran los descendientes y el cónyuge supérstite; en segundo orden, los ascendientes; en tercer orden, **los parientes colaterales**; y en cuarto orden el pueblo de Puerto Rico.[10] Conforme arriba mencionamos, y según surge del legajo, la causante otorgó un testamento abierto en el cual designó a Domingo IV Nazario Forrey, su único hijo, como su heredero forzoso. Tal institución se hizo sin designarse un heredero sustituto. Ahora, como también indicamos, el hijo de la causante le premurió sobreviviéndole <u>solamente</u> su hermano de doble vínculo; el peticionario.[11]

La ausencia de una designación de heredero sustituto no tuvo el efecto de anular el testamento de la causante. Esto queda claro, pues como

---

[10] Arts. 1720-1727 del Código Civil, 31 LPRA Secs. 11432 a 11439.
[11] Ello implica que, conforme al orden antes establecido, es el peticionario la persona llamada a heredarle.

arriba citamos, **un testamento es válido aun cuando no contenga una institución de herederos o la misma sea ineficaz**. Así pues, la ineficacia testamentaria presente en el caso debe regirse por las disposiciones de la sucesión intestada. O sea, que, contrario a lo que pareció entender el TPI, en el caso de autos no era necesario que se anulara el testamento otorgado por la causante antes de instarse el procedimiento de declaratoria de herederos. Recordemos que el ordenamiento jurídico vigente que aquí citamos reconoce la sucesión mixta. La misma, repetimos, resulta en parte de la voluntad declarada en un testamento y, en parte, por disposición de ley. Por ende, concluimos que incidió el TPI al declarar No Ha Lugar la Petición sobre declaratoria de herederos sometida por el peticionario. [12]

**-IV-**

Por los fundamentos que aquí consignamos, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

Se devuelve el caso al TPI para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Previo a concluir, estimamos meritorio señalar que al examinar los documentos que el peticionario acompañó con su recurso con el fín de atenderlo advertimos que uno de los documentos contenidos en el Apéndice contiene información que como regla general debe ser tachada. Nos referimos al número de seguro social que surge del *Certificate of Death* de Domingo IV Nazario Forrey. Por ello, ordenamos el desglose del Apéndice para que le sea devuelto al peticionario.